UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CIVIL ACTION NO. _____

SETH D. HARRIS, )
  Acting Secretary of Labor, )
  United States Department of Labor, )
                                                                        )
      Plaintiff, )
                                                                   )
v. )
                                                                   )     **COMPLAINT**
DUANE THOMAS MARINE )     **(Injunctive Relief Sought)**
CONSTRUCTION, LLC and )
DUANE THOMAS, )
                                                                  )
      Defendants. )

       Plaintiff Seth D. Harris, Acting Secretary of Labor, United States Department of Labor (hereinafter the "Secretary"), brings this action for injunctive and other appropriate relief pursuant to the whistleblower protection provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651, *et seq.* (hereinafter "the OSH Act").

      1.    Jurisdiction over this action is conferred upon the Court by Section 11(c)(2) of the OSH Act, 29 U.S.C. § 660(c)(2).

      2.    This action is brought by the Secretary pursuant to authority granted by Section 11(c)(2) of the OSH Act, 29 U.S.C. § 660(c)(2).

      3.    Defendant Duane Thomas Marine Construction, LLC (hereinafter "DTMC"), a person within the meaning of Section 3(4) of the OSH Act, 29 U.S.C.

§ 652(4), at all times material hereto has been an employer engaged in the business of custom marine dock installation services, which is a business affecting commerce within the meaning of Section 3(5) of the OSH Act, 29 U.S.C. § 652(5).

4. DTMC has its principal place of business at 296 Rockhill Court, Marco Island, Florida 34145 (hereinafter "the Workplace"), within the jurisdiction of this Court.

5. Defendant Duane Thomas ("Mr. Thomas"), a person within the meaning of Section 3(4) of the OSH Act, 29 U.S.C. § 652(4), at all times material hereto has been the owner of DTMC.

6. During the time period from about July 20, 2009, to March 23, 2011, Nori St. Paul ("Ms. St. Paul") was employed by DTMC as a part-time office manager at the Workplace and was, therefore, an employee of DTMC within the meaning of Section 3(6) of the OSH Act, 29 U.S.C. § 652(6).

7. On or about December 9, 2009, Ms. St. Paul notified Mr. Thomas in writing that his verbal, mental and emotional abuse in the workplace was unbearable and had forced her and a co-worker to walk off the job.

8. On or about December 10, 2009, Mr. Thomas requested Ms. St. Paul and the other employee to return to work and, in return, agreed to stop the workplace violence and abuse which included inter alia, threatening to fire, verbally abusing, making sexually inappropriate comments and advances, yelling, screaming, making physically threatening gestures, making untimely payment, and demeaning Ms. St. Paul.

9. In or around May 2010, Ms. St. Paul verbally informed Mr. Thomas that he was creating an abusive and violent work environment on a daily basis.

10. On or about June 4, 2010, Mr. Thomas acknowledged Ms. St. Paul's safety concerns in a letter and stated that he would not verbally or mentally abuse her in the Workplace.

11. On or about February 11, 2011, Ms. St. Paul informed Mr. Thomas that he was creating a hostile work environment and once again was subjecting her to abusive behavior.

12. On or about February 25, 2011, Ms. St. Paul once again told Mr. Thomas that the hostile work environment was becoming worse due to his inhumane, threatening, and abusive behavior in the workplace and by telling her she will do what he wants or she is fired and then withholding her pay.

13. On or about February 25, 2011, Ms. Thomas filed with the Secretary, through the Fort Lauderdale Area Office of the Occupational Safety and Health Administration (hereinafter "OSHA"), a timely administrative complaint alleging that DTMC and Mr. Thomas were discriminating against her for reporting Workplace violence to Mr. Thomas in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

14. On or about February 28, 2011, Ms. St. Paul also retained the services of a private attorney to address Mr. Thomas abusive and violent conduct in the Workplace.

15. On March 3, 2011, Ms. St. Paul believed Mr. Thomas terminated her employment with DTMC and untimely paid her in order to abuse her.

16. On March 4, 2011, Mr. Thomas contacted Ms. St. Paul and told her that her job is secure.

17. On Monday, March 7, 2011, after Ms. St. Paul told Mr. Thomas that she could not work in the office due to the continuing abusive and violent workplace environment, Mr. Thomas told her she could work remotely from home for the week.

18. Ms. St. Paul worked remotely from home for DTMC the week of March 7, 2011, and was compensated for her time by DTMC.

19. On Monday, March 14, 2011, Mr. Thomas allowed Ms. St. Paul to work remotely from home that week and she was compensated for her time by DTMC.

20. On Friday, March 18, 2011, Mr. Thomas received the OSHA Fort Lauderdale Area Office's letter notifying him that Ms. St. Paul had filed a complaint alleging discriminatory employment practices in violation of Section 11(c) of the Act.

21. On Monday, May 22, 2011, Mr. Thomas allowed Ms. St. Paul to work remotely from home. However, she was never provided with the work to complete for the day.

22. Later during the day on May 22, Mr. Thomas received a letter from Ms. St. Paul's private attorney regarding her allegations of workplace violence.

23. On Tuesday, March 23, 2011, Mr. Thomas instructed a DTMC employee to change the passwords in order to deny Ms. St. Paul remote access to the computer files.

24. On or about March 23, 2011, Mr. Thomas terminated Ms. St. Paul's employment with DTMC.

25. Upon receipt of Ms. St. Paul's complaint, the OSHA Fort Lauderdale Area Office conducted an investigation pursuant to Section 11(c)(2) of the OSH Act. As a result of the OSHA's Area Office's investigation, the Secretary initially determined that

DTMC and Mr. Thomas had not violated Section 11(c)(1) of the OSH Act in the discharge of Ms. St. Paul.

26. In response to the Secretary's determination, Ms. St. Paul appealed the Secretary's decision in a letter dated May 20, 2011, that DTMC and Mr. Thomas had not violated Section 11(c)(1) of the OSH Act in her discharge from employment on or around March 23, 2011. After a review of the materials, the Secretary alleges that DTMC and Mr. Thomas in fact violated Section 11(c)(1) of the OSH Act when they terminated Ms. St. Paul's employment with DTMC on or about March 23, 2011.

27. Upon information and belief, as a consequence of Ms. St. Paul's complaining to Mr. Thomas and/or OSHA concerning the workplace violence, which were complaints under or related to the OSH Act, and Defendants' knowledge or belief that Ms. St. Paul had so complained, Defendants did discriminate against Ms. St. Paul by terminating her employment.

28. Defendants DTMC and Mr. Thomas have failed and refused and continue to fail and refuse to employ Ms. St. Paul and to compensate her for the time she should have continued to work for DTMC.

29. By the acts described in Paragraphs 7 through 28 above, Defendants did intentionally discriminate and are discriminating against Ms. St. Paul because of the latter's exercise of rights secured by the OSH Act, including filing complaints under the OSH Act, and thereby did engage in, and are engaging in conduct which violates Section 11(c)(1) of the OSH Act, 29 U.S.C. § 660(c)(1).

30. As a result of this unlawful discrimination, Ms. St. Paul was unemployed after termination of her employment with Defendants.

WHEREFORE, cause having been shown, the Secretary prays the Court to enter an Order:

(a) finding that Defendants DTMC and Mr. Thomas unlawfully discriminated against Ms. St. Paul in violation of Section 11(c)(1) of the OSH Act, 29 U.S.C. § 660(c)(1);

(b) permanently enjoining Defendants DTMC and Mr. Thomas and their agents, servants, employees and all persons in active concert or participation with them from violating provisions of Section 11(c)(1) of the OSH Act, 29 U.S.C. § 660(c)(1);

(c) directing Defendant DTMC to make Ms. St. Paul whole through payment of her lost wages, front pay in lieu of reinstatement, other benefits, and compensatory damages suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code Section 6621, 26 U.S.C. § 6621, from the date of discharge until the present;

(d) directing Defendant Mr. Thomas, in his personal capacity, to make Ms. St. Paul whole through payment of her lost wages, other benefits, and compensatory damages suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code Section 6621, 26 U.S.C. § 6621, from the date of discharge until the present;

(e) directing Defendants DTMC and Mr. Thomas to post a notice for their employees stating that DTMC and Mr. Thomas will not in any manner discriminate against employees because of their engagement in activities protected under the OSH Act;

(f) directing Defendants DTMC and Mr. Thomas to completely expunge from Ms. St. Paul's employment records all references to the circumstances involved in this matter;

(g) granting a reasonable amount of punitive damages;

(h) granting the Secretary her costs; and

(i) further ordering such other appropriate relief as may be necessary.

Respectfully submitted this 4th day of February, 2013.

ADDRESS:

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303

Telephone: (404) 302-5464
Facsimile: (404) 302-5438
Email: harrell.kristina@dol.gov
ATL.FEDCOURT@dol.gov (Primary)

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

CHANNAH S. BROYDE
Counsel

By: _____
KRISTINA T. HARRELL
Attorney

Office of the Solicitor,
U.S. Department of Labor,
Attorneys for the Plaintiff

SOL Case No. 13-00048