UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CIVIL ACTION

SETH D. HARRIS,
Acting Secretary of Labor,
United States Department of Labor,

        Plaintiff,                      Case #: 2: 13-CV-76-FtM 99 DNF

DUANE THOMAS MARINE
CONSTRUCTION, LLC and
DUANE THOMAS
        Defendants.

---

## ANSWER TO COMPLAINT

COMES NOW the undersigned attorney for Defendants, DUANE THOMAS MARINE CONSTRUCTION, LLC and DUANE THOMAS, individually and files this Answer to the Complaint in the above styled complainants and states as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Deny. At all times relevant and at the expressed request of Nori St. Paul, she was employed by PranaQuest, LLC and she requested that this company be paid for services it provided for which she was responsible. Consequently, she was not an employee of DTMC within the meaning of Section 3(6) of the OSH Act, 29 U.S.C. §652(6).

7. Without knowledge, therefore denied.

Page 1 of 6

8. Admit that Defendant, Duane Thomas requested Ms. St. Paul to continue to provide PranaQuest, LLC services and agreed to stop raising his voice. The remainder of the allegations are denied.

9. Admit that Ms. St. Paul claims that Defendant, Duane Thomas was creating an abusive and violent work environment, deny that there was abusive and violent work place.

10. Admit.

11. Deny.

12. Deny.

13. There is no Ms. Thomas. Assuming that the Plaintiff refers to Ms. St. Paul, Defendant, Duane Thomas had no knowledge that anything was filed with the Fort Lauderdale Area Office of the Occupational Safety and Health Administration.

14. Without knowledge.

15. Deny. Ms. St. Paul admitted she abandoned her job and quit providing services to the company.

16. Deny that Defendant, Duane Thomas offered additional employment on March 4, 2011 but admit that he contacted her to complete PranaQuest, LLC work that was presently in progress.

17. Deny.

18. Admit that Ms. St. Paul provided some additional services to the company from her home and was compensated by Defendant, Duane Thomas Marine Construction, LLC, deny that this was continuing employment.

19. Deny.

20. Admit.

21. Deny that Defendant, Duane Thomas allowed Ms. St. Paul to work for his Company during anytime of May 2011.

22. Deny that Defendant, Duane Thomas received the letter from Ms. St. Paul's private attorney in May, however a letter from an attorney for Ms. St. Paul was received in March.

23. Sometime in March, 2011, Ms. St. Paul was changing information in the QuickBooks computer program to characterize payments to PranaQuest, LLC as direct payments to her. This coincided with her demand to be retroactively made a direct employee of Duane Thomas Marine Construction to receive unemployment compensation. Defendant, Duane Thomas changed the passwords to prevent her from tampering with the files.

24. Deny.

25. Without knowledge.

26. Without knowledge.

27. Deny.

28. Nori St. Paul quit providing PranaQuest, LLC services to Defendant, Duane Thomas Marine Construction, LLC. She was not fired. Consequently, the predicate to the allegation in Paragraph 28 is false.

29. Deny.

30. Deny.

## AFFIRMATIVE DEFENSES

### I. PARI DELICTO

Nori St. Paul and Defendant, Duane Thomas were married on February 14, 2007. They were divorced on October 6, 2008. Nori St. Paul obtained a temporary injunction for domestic

violence on September 4, 2008. On March 12, 2009 Ms. St. Paul filed a Motion Not to Dismiss Injunction. She obtained a permanent injunction on September 25, 2009. Disregarding the injunction Nori St. Paul proceeded to contact Defendant, Duane Thomas, have a sexual liaison with him over several months beginning in August 2009 and solicited employment on behalf of her limited liability company PranaQuest, LLC. Nori St. Paul knowingly violated the injunction that prohibited Defendant, Duane Thomas from contacting her. She is in violation of the law and should not be entitled to claim any type of recovery on a basis of this violation. NOT AN EMPLOYEE

At all times material to this complaint Nori St. Paul was an employee of PranaQuest, LLC and not an employee of Defendant, Duane Thomas Marine Construction. Defendant, Duane Thomas Marine Construction, at Nori St. Paul's insistence employed PranaQuest, LLC in a limited role and not as an office manager. That limited role was to assist Defendant, Duane Thomas Marine Construction, LLC in filing for reorganization under Chapter 11 of the United States Bankruptcy Code, to assist the company in its financial reorganization and ancillary work related to such filing. During the course of the employment of PranaQuest, LLC, Nori St Paul had access to the QuickBooks computer program and the physical ledger. Defendant, Duane Thomas Marine Construction did not maintain QuickBooks for anything other than to assist in maintaining the physical ledger.

In early 2011, Nori St. Paul issued checks payable to her and signed those checks without signing authorization on the account. Nori St. Paul went into the QuickBooks account and re-characterized her payments as an employee instead of PranaQuest, LLC.

II. RETALIATION

All of the actions taken by Nori St. Paul were in retaliation because she requested a loan from Defendant, Duane Thomas in October 2010 in the amount of $20,000 and she requested a loan of

$10,000 in November 2010. Defendant, Duane Thomas refused to grant her those loans. In early 2011 she proceeded to plan and execute this unfounded claim with OSHA which was originally dismissed.

### III. ESTOPPEL

In the first quarter of 2011 and prior to March 4, 2011 which was her last day, Nori St. Paul took all of the financials for Defendant, Duane Thomas Marine Construction including the general ledger. Nori St. Paul took those documents and failed to return them in retaliation for the corporation's refusal to make her an employee which would entitle her to unemployment compensation after she quit work on March 4, 2011.

### IV. EXTORTION

There is virtually nothing in Nori St. Paul's complaint that indicates that there is any work place violence, nor any other valid claims regarding her health and safety. Nori St. Paul reviewed some of the rules and regulations regarding work place violence and attempted to construct a complaint that she filed on March 5, 2011. Nevertheless, the complaint is devoid of any claim for physical contact with the exception of her unsubstantiated claim that Defendant, Duane Thomas threw a calculator at her in December 2009 and threw a pen at another female employee on that same day. This is the only claim of any type of physical contact. There are no other allegations of work place danger. No complaint was lodged until over a year later and in the intervening time there was no physical contact.

### V. LACK OF ANY LEGAL BASIS FOR RETALIATION

Additionally, in her initial March 5, 2011 filing with OSHA, she claimed retaliation before even filing her Complaint. Clearly in the complaint there is an attempt to allege retaliation after filing this March 5, 2011 complaint with OSHA, but obviously no retaliation could have occurred prior to the March 5, 2011 complaint.

Respectfully submitted on this 26th day of July, 2013

                        The Law Offices of John F. Hooley, P.A.
                        700 Eleventh Street South
                        Suite 202
                        Naples, Florida 34102
                        (239) 774-1400
                        (239) 774-6687 Facsimile

By: _/s/ John F. Hooley_
     John F. Hooley
     Florida Bar No. 0238104
     Service: jhooley@naplesatty.com and
     dalderuccio@naplesatty.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via Email harrell.kristina@dol.gov and ATL.FEDCOURT@dol.gov to: Kristina T. Harrell, Office of the Solicitor, U.S. Department of Labor, 61 Forsyth Street, S.W., Room 7T10, Atlanta, Georgia 30303 on this 26th day of July, 2013.

                        The Law Offices of John F. Hooley, P.A.
                        700 Eleventh Street South
                        Suite 202
                        Naples, Florida 34102
                        (239) 774-1400
                        (239) 774-6687 Facsimile

By: _/s/ John F. Hooley_
     John F. Hooley
     Florida Bar No. 0238104
     Service: jhooley@naplesatty.com and
     dalderuccio@naplesatty.com